Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8441 | **DATE** | 2/15/2001 |
| **CASE TITLE** | Whitaker, et al vs. Young, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 3/1/2001 at 2:30 P.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
       ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. For the foregoing reasons, Defendants' motion to dismiss Count III is GRANTED, Defendants' motion for a more definite statement is GRANTED, and Defendants' motion to dismiss counts IV and V is DENIED. (6-1,7-1,8-1,9-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | FEB 16 2001 | |
| ✓ | Docketing to mail notices. | | date docketed | 15 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| TP | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONNIE WHITAKER and MELANIE MALVIN, <br>     Plaintiffs, <br> v. <br> KENT YOUNG, GEORGE DETELLA, JOHN PLATT, et al, <br>     Defendants. | No. 99 CV 8441 <br><br> HONORABLE JOHN A. NORDBERG <br><br> DOCKETED <br> FEB 16 2001 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Donnie Whitaker filed a complaint alleging federal and state law claims against Defendants Kent Young, George DeTella, John Platt, Donald N. Snyder Jr., Dave Brubaker, Michael Furrie, and Denise A. O'Large. CoPlaintiff Melanie Malvin joins only in the state law claims. Before the court are Defendants' Motion to Dismiss Count III, Defendants' Motion to Dismiss Counts IV and V, and Defendants' Motion for a More Definite Statement.

## BACKGROUND

Plaintiffs are both employees of the Illinois Department of Corrections ("IDOC"), and bring this action against various supervisors and coworkers at the IDOC. The focus of the complaint is Plaintiff Whitaker's demotion from Assistant Superintendent for the Illinois Youth Center in Joliet, Illinois. The demotion was the result of an investigation into alleged improprieties by Whitaker, including an alleged affair with Plaintiff Malvin. Whitaker contends the allegations of improprieties were false and the investigation and hearing constitutionally flawed.

The Plaintiffs raise five claims:

Count 1: Whitaker suffered a violation of his due process rights regarding property, directed against Defendants DeTella, Platt, and Snyder;

Count 2: Whitaker suffered a violation of his due process regarding his hearing, directed against Defendants Young, DeTella, Platt, Snyder, Brubaker, and Furrie;

Count 3: Whitaker suffered employment discrimination, directed against Defendants DeTella, Platt, Snyder, Brubaker, and Furrie;

Count 4: Whitaker and Malvin suffered slander and defamation of character (Illinois state law claim), directed against DeTella, Platt, Snyder, Brubaker, Furrie, and O'Large;

Count 5: Whitaker and Malvin suffered defamation/libel per se (Illinois state law claim), directed against DeTella, Platt, Snyder, Brubaker, and Furrie.

Defendants have filed two motions to dismiss. In their first motion, the Defendants raise the following issues:(1) that there is no basis for federal jurisdiction for the claim against Defendant O'Large; (2) that there is no basis for federal jurisdiction over Plaintiff Malvin's claims; (3) that all Defendants are absolutely immune from the claims in Counts IV and V; and (4) that, alternatively, sovereign immunity bars the claims in Counts IV and V. In their second motion, Defendants have moved to dismiss Count III because none the named defendants are "employers" for purposes of Title VII. Lastly, Defendants have also moved for a more definite statement regarding Counts I, II, and III.

## LEGAL STANDARDS

### A. Motion to Dismiss

Evaluating the legal sufficiency of a plaintiff's factual allegations requires the court to adhere to a strict standard. A court may grant a motion to dismiss only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Cushing v. City of Chicago*, 3 F.3d 1156, 1159 (7th Cir.1993)(quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Moreover, all that F.R.C.P. Rule 8 requires to state a claim in federal court "is a short statement, in plain (that is, ordinary, nonlegalistic) English, of the legal claim." *Kirksey v. R.J. Reynolds Tobacco Company*, 168 F.3d 1039, 1041 (7th Cir. 1999). "Complaints need not plead law or match facts to every element of a legal theory...." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). Moreover, more can be less under the Federal Rules of Civil Procedure; a litigant that includes details in his complaint well-beyond the limited requirements of Rule 8 may plead himself out of court. *Holman v. State of Indiana*, 211 F.3d 399, 406 (7th Cir. 2000), *cert. denied*, 121 S. Ct. 191(2000).

When considering a Rule 12(b)(6) motion, the court must accept as true all well-pleaded factual allegations in the complaint and view them, along with the reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *Cornfield v. Consolidated High School District No. 230*, 991 F.2d 1316, 1324 (7th Cir.1993). However, the court need not accept conclusory legal allegations as true. *Baxter v. Vigo County School Corp.*, 26 F.3d 728, 730 (7th Cir.1994). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of

3

the pleadings that a recovery is very remote and unlikely, but that is not the test." *Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir. 1995) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## DISCUSSION

### Motion to Dismiss for Lack of Jurisdiction

Defendants maintain that the court has no jurisdiction over Defendant O'Large or the Claims of Plaintiff Malvin. As to O'Large, the Defendants note that Plaintiff Whitaker is not of diverse citizenship to O'Large and does not name her as a defendant in any of his federal claims. As to Plaintiff Malvin, the Defendants note that she is not of diverse citizenship to any of the Defendants and raises only two state law claims. Plaintiffs respond that the claims fall within this court's supplemental jurisdiction, pursuant 28 U.S.C. §1367. Neither side's presentation on this issue is particularly compelling, particularly as to the cases they rely upon, which appear only tangentially relevant.

Section 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. §1367(a).

Section 1367(c) provides:

4

> The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-
> > (1) the claim raises a novel or complex issue of State law,
> > (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> > (3) the district court has dismissed all claims over which it has original jurisdiction, or
> > (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c).

The statute essentially codifies the judge-made doctrines of pendent and pendent party jurisdiction. *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993). "If a claim is close enough to the federal (or other) claim that confers federal jurisdiction to be part of the same case, there is no constitutional bar to the assumption of federal jurisdiction over the claim, because Article III confers jurisdiction over cases or controversies rather than over claims; and the new statute goes to the constitutional limit." *Id.* at 1181-2. Section 1367(a) "permits the adjudication of a claim by a pendent party that neither arises under federal law nor is supported by diversity citizenship." *Stromberg Metal Works, Inc. v. Press Mechanical, Inc.*, 77 F.3d 928, 931 (7th Cir. 1996).

However, exercising jurisdiction under the statute is a matter for the court's discretion; it is not the plaintiff's right. *City of Chicago v. International College of Surgeons*, 118 S. Ct. 523, 533 (1997). A court also need be cognizant that it may need to reassess the appropriateness of exercising jurisdiction at various points in the proceeding. *Id.* at 534.

In answering the question of whether jurisdiction is proper over Pendent Party Defendant O'Large and Pendent Party Plaintiff Malvin, the critical fact is that the defamation claims are interwoven with Plaintiff Whitaker's federal claims. The alleged affair, which is the basis for the

5

defamation claims, was also one of the alleged improprieties which resulted in a disciplinary process that Whitaker maintains violated his due process rights. In addition, in their state law claims, both Plaintiffs challenge the same conduct and seek the same relief. As such, under the current record, the court concludes that it has supplemental jurisdiction over Plaintiff Malvin's claims and Plaintiff Whitaker's claims against Defendant O'Large. However, as noted in *City of Chicago*, this conclusion may require revisiting as the record develops.

## Motion to Dismiss Based on Sovereign Immunity

Defendants maintain that the claims against them in Counts IV and V are really directed against the State of Illinois. As such, the claims are barred by sovereign immunity and only redressable in Illinois' Court of Claims. Plaintiffs maintain that the claims are directed against the Defendants as individuals and are properly before this court.

"[S]tate rules of immunity govern actions in federal court alleging violations of state law." *Benning v. Board of Regents of Regency Universities*, 928 F.2d 775, 777 (7th Cir. 1991). Other than the exceptions provided for in the Act to Create the Court of Claims, the Illinois legislature has provided that "Illinois shall not be made a defendant or party in any court." *Currie v. Lao*, 148 Ill.2d 151,158, 592 N.E.2d 977, 979 (1992). "The determination of whether an action is in fact a suit against the State turns upon an analysis of the issues involved and the relief sought, rather than the formal designation of the parties." *Id.*, 592 N.E.2d at 980. "Where the charged act of negligence arose out of the State employee's breach of a duty that is imposed on him solely by virtue of his State employment, sovereign immunity will bar maintenance of the action in circuit court." *Id.*, 148 Ill.2d at 159. However, "[a] State employee who breaches a duty he owes

6

regardless of his State employment is no more entitled to immunity than is a private individual who breaches that same duty; the mere fact of his State employment should not endow him with heightened protection." Id., 148 Ill.2d at 160. This holds true even if the breach occurs in the scope of the defendant's official duties. Id. at 148 Ill.2d at 161-2, 592 N.E.2d at 981 (police officer responding to call). In addition, the Illinois Court of Claims has specifically held that it has no jurisdiction over "a garden variety tort claim against an individual who just happens also to be a State ...official." *O'Connor v. Smith*, 49 Ill. Ct. Cl. 153, 1996 WL 1063820 at * 3 (1996)(defamation). Citizens generally have a duty not to defame one another, independent of official status or duties. *Id.* at *5.

On the current record, as the Defendants have a duty to refrain from defaming other individuals that is separate and apart from their duties and obligations as state employees, sovereign immunity would not appear to apply.

## Motion to Dismiss Based on Absolute Immunity

Defendants maintain that the Illinois doctrine of absolute immunity bars this action. Plaintiffs maintain that the doctrine only applies to the high ranking officials and that only qualified immunity is available.[1]

"The common law doctrine of public officials' immunity dictates that public officials are immune from personal liability for their performance of discretionary duties." *Lao*, 148 Ill.2d at 166, 592 N.E.2d at 983. Immunity only applies to discretionary conduct, rather than ministerial

---

[1] On this latter score, Plaintiffs appear to be relying on federal §1983 cases rather than Illinois state cases applying the Illinois doctrine.

acts. *Id.*, 592 N.E.2d at 984. Further, "public officials' immunity does not apply to every discretionary act by an official but rather only to those acts which are unique to that particular public office." *Id.*, 148 Ill.2d at 166-67(officer not immune for driving decisions made responding to call). *See also Stratman v. Brent*, 291 Ill. App.3d 123, 142, 683 N.E.2d 951, 958 (1997)(police chief not immune for comments made about officer to prospective employers). Rank is not determinative as to the availability of immunity; a wide range of low level officials have been found to enjoy absolute immunity by the Illinois courts. *Harris v. News-Sun*, 269 Ill. App.3d 648, 652, 646 N.E.2d 8, 11 (1995). Moreover, absolute privilege is not invalidated by malicious motives on the part of the official. *Id.*

On the current record, the court does not know the precise official duties of the various Defendants, nor the details of their alleged conduct. As such, it is impossible to determine, at this point, whether any or all of the Defendants were engaging in discretionary activities unique to their office for purposes of absolute public officials' immunity under Illinois law.

## Motion to Dismiss Count III

Defendants have moved to dismiss Count III as none of the Defendants are "employers" for purposes of Title VII liability. As this appears to be an accurate statement of the law, *see Molnar v. Booth*, 229 F.3d 593, 599 (7th Cir. 2000), and Plaintiffs have chosen not to respond, Count III is dismissed.[2]

---

[2] While Plaintiffs have been somewhat coy in identifying their legal theories, it is difficult to construe Count III as anything but a Title VII claim.

### More Definite Statement

Defendants have also moved for a more definite statement as to Counts I, II, and III. Plaintiffs have chosen not to respond to this motion. As Count III has been dismissed, the Motion for a More Definite Statement will be granted as to Counts I and II.

### CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Count III is GRANTED, Defendants' Motion for a More Definite Statement is GRANTED, and Defendants' Motion to Dismiss Counts IV and V is DENIED.

**ENTER:**

JOHN A. NORDBERG
Senior United States District Judge

DATED: Feb. 15, 2001